UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION — PORT HURON

| | |
|---|---|
| FLUID COOLING SYSTEMS, LLC<br>a Michigan limited liability company,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>RICHARD BOVENSIEP,<br>a Michigan citizen,<br><br>    Defendant/Counter-Plaintiff. | CA No. 3:19-cv-10075-RHC-EAS<br><br>Honorable Robert H. Cleland<br>Magistrate Judge Elizabeth A. Stafford |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

1

may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

    c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

    3.    **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

    4.    **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

    a.    Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area.

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

    c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

5.    **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert. If the producing party objects to the expert, no designated material or information of

the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

6. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

7. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed

pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

8. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

9. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

10. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this

action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

12. **Inadvertent Production of Privileged Material** – If a person inadvertently or unintentionally produces or discloses Materials that are eligible for designation as confidential because of the attorney-client privilege, work product doctrine, or other immunity, such person shall promptly give written notice to any receiving person. On receiving such notice, a receiving person shall return all such privileged Materials to the producing or disclosing party who shall sequester the Materials. The producing or disclosing person and the receiving person(s) shall thereafter negotiate the disposition of the Materials in good faith. If, after 7 days, the persons are unable to reach an agreement as to the disposition of the materials, either of them may move the Court to resolve the matter. In the event of such a motion, no person shall use the fact of production or disclosure to argue that any applicable privilege is or was waived. Nothing herein shall preclude a receiving person from otherwise challenging or disputing the privilege or immunity claimed by the producing person, including by using the Materials at issue in a manner consistent with this Order. In addition, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the

disclosure and the producing party does not request the return of the privileged matter within 10 days.

**SO ORDERED**


Dated: June 24, 2019                              s/Robert H. Cleland
                                                  Honorable Robert H. Cleland
                                                  United States District Court Judge

CGD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION — PORT HURON

| | |
|---|---|
| FLUID COOLING SYSTEMS, LLC<br>a Michigan limited liability company,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>RICHARD BOVENSIEP,<br>a Michigan citizen,<br><br>        Defendant/Counter-Plaintiff. | CA No. 3:19-cv-10075-RHC-EAS<br><br><br>Honorable Robert H. Cleland<br>Magistrate Judge Elizabeth A. Stafford |

## **EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____                    _____
                                              [Signature]